UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09241 BRO (ASx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | IH4 PROPERTY WEST, L.P. V. EDWARD T. HOLLAND ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Plaintiff IH4 Property West, LP ("IH4 Property") initiated an unlawful detainer action against Defendants Edward and Cynthia Holland (collectively, "Defendants") on July 23, 2014. (Dkt. No. 1 at 29.) Defendants filed a Notice of Removal in this Court on December 2, 2014. (*Id.* at 1.) For the following reasons, the Court finds removal was improper and hereby **REMANDS** this case to the Superior Court of California, County of Los Angeles.

### I. BACKGROUND

This is an unlawful detainer action. Defendants are the prior owners and current occupiers of 7811 South Harvard Boulevard, Los Angeles, California 90047. (Compl. ¶ 2.) On June 23, 2014, IH4 Property purchased the property at a foreclosure sale, thus extinguishing Defendants' title. (*Id.* ¶ 5.) Defendants continued to occupy the property after the sale without IH4 Property's consent. (*Id.* ¶ 7.) On July 17, 2014, IH4 Property served Defendants with a notice to quit the property within three days of service. (*Id.* ¶ 8.) Defendants refused to vacate, causing IH4 Property to bring the unlawful detainer action that is the subject of this removal. (*Id.*)

On July 23, 2014, IH4 Property filed a Complaint in the Superior Court of California, County of Los Angeles, alleging a single cause of action for unlawful detainer under California Code of Civil Procedure section 1161a. (*See generally id.*) IH4 Property requests possession and damages amounting to the property's real rental value

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-09241 BRO (ASx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | IH4 PROPERTY WEST, L.P. V. EDWARD T. HOLLAND ET AL. | | |

of $71.66 per day, beginning on July 22, 2014, which is the date the notice to quit expired. (*Id.* ¶¶ 11–12.) The Complaint specifies that the amount of damages will not exceed $10,000. (*Id.* ¶ 1.c.) On December 2, 2014, Defendants removed the action to this Court, invoking federal court subject matter jurisdiction under 28 U.S.C. §§ 1332, 1441, 1443, and 1446. (Dkt. No. 1 at 1.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. § 1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *accord In re Ford Motor Co./Citibank*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) ("[F]ederal courts are under an independent obligation to examine their own jurisdiction . . . .").

## III. DISCUSSION

Defendants invoke 28 U.S.C. §§ 1332, 1441, 1443, and 1446 as the bases for removing this action. (Dkt. No. 1 at 5.) Because §§ 1441 and 1446 are procedural in nature, the Court will only address whether jurisdiction lies under §§ 1332 or 1443.

### A. Diversity Jurisdiction Under § 1332

Diversity jurisdiction lies in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). As discussed below, the Notice of Removal fails to establish the amount in controversy and citizenship requirements necessary for jurisdiction under § 1332.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-09241 BRO (ASx)** | Date | December 12, 2014 |
|---|---|---|---|
| Title | **IH4 PROPERTY WEST, L.P. V. EDWARD T. HOLLAND ET AL.** | | |

With respect to the amount in controversy, Defendants claim that the property at issue "has a current market value, even in this depression, several times over 10 times in value" and that "there is no scenario where it can be said that Plaintiff seeks a pecuniary result to the Defendants of less than $75,000." (Dkt. No. 1 at 5.) But the Complaint specifically seeks less than $10,000, as IH4 Property seeks only $71.66 per day, beginning on July 22, 2014. (Compl. ¶¶ 1.c, 12.) Accordingly, Defendants have not satisfied their burden of demonstrating the amount in controversy exceeds $75,000.

Defendants also fail to establish complete diversity. The Notice of Removal does not allege Defendants or IH4 Property's citizenship. As a result, the Court cannot determine if there is complete diversity between the parties. Because Defendants fail to satisfy both the amount in controversy and citizenship requirements under § 1332, the Court cannot maintain jurisdiction on this basis. *See U.S. Bank Nat'l Ass'n v. Melchor*, No. EDCV 14-01456-VAP, 2014 WL 3737972, at *2 (C.D. Cal. July 25, 2014).

### B. Civil Rights Removal Jurisdiction Under § 1443

Defendants also allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1443(1). (*See* Dkt. No. 1 at 14). Section 1443(1) provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court[,] may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443(1).

"A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966)." *Patel v. Del Taco,*

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-09241 BRO (ASx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | IH4 PROPERTY WEST, L.P. V. EDWARD T. HOLLAND ET AL. | | |

*Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). Under the first part of this test, "the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *People of the State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Second, the removing party "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Defendants' Notice of Removal asserts the following:

A Defendants (*sic*) in an unlawful detainer case is at a severe disadvantage due to the structure of the laws of the State of California, which make it almost impossible, perhaps completely impossible, to raise an effective defense under normal circumstances . . . .

The Superior Courts of Los Angeles County, California, (*sic*) routinely proceed under the provisions of California Civil Code §2924, (*sic*) and completely over look (*sic*) California Civil Code §2934(a)(2) whereby a defect in title is absolutely sure. While whose constitutionality Removing Defendants challenges (*sic*), with evictions following foreclosures, regardless of the actual legality of the foreclosure proceedings, because of certain presumptions created by operation of law, and legal defenses to eviction, such as lack of lawful title or fraud in the acquisition of title on the part of the evicting party, are not allowed . . . .

Furthermore, the law firms, acting together and in conjunction and agreement with certain officers of Los Angeles County Superior Court system[,] appear to have formulated a special, local series of customs, practices and policies having the force of law which create or define an especially oppressed class of eviction suit Defendants who are denied both due process of law and equal protection, for the simple reason that respondents always lose in Los Angeles County Unlawful detainer proceedings as a matter of statutory law, custom, practice, and policy implemented by the attorneys and other judicial officers of the Superior

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-09241 BRO (ASx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | IH4 PROPERTY WEST, L.P. V. EDWARD T. HOLLAND ET AL. | | |

Courts of Los Angeles County in plain violation of 42 U.S.C. § 1981, which is a statute providing for equal protection under the law.

(*See* Dkt. No. 1 at 8, 11–12.)

Construing Defendants' allegations liberally, and assuming, without deciding, that Defendants have satisfied the first part of the test, Defendants have not satisfied the second part. Defendants do not identify any "state statute or a constitutional provision that purports to command the state courts to ignore" federal rights. *Sandoval*, 434 F.2d at 636. Rather, Defendants assert only that California's unlawful detainer scheme is discriminatory against defendants generally. This assertion is insufficient to support removal pursuant to 28 U.S.C. § 1443(1). *See U.S. Bank Nat'l Ass'n*, 2014 WL 3737972, at *3; *HSBC Bank USA v. Kubik*, No. 2:13-CV-1692, 2013 WL 1694670, at *3 (C.D. Cal. Apr. 16, 2013); *HSBC Bank USA v. Cabal*, No. 10-cv-1621, 2010 WL 3769092, at *2 (S.D. Cal. Sept. 21, 2010).

## IV.   CONCLUSION

Accordingly, Defendants have not met their burden of demonstrating that this Court has subject matter jurisdiction. Consequently, this matter's removal was improper. The Court therefore **REMANDS** this action to the Superior Court of California, County of Los Angeles.

**Additionally, the Court warns Defendants that any subsequent attempts to remove the instant state unlawful detainer action will be improper and may result in the Court taking punitive remedial measures, which may include requiring Defendant to be monetarily sanctioned or designated as a vexatious litigant**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |